IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>COREY ANTWAN WILSON, )<br>)<br>Defendant. ) | Case No. CR-98-93-D<br>(Case No. CIV-07-1282-D) |

## **O R D E R**

Before the Court is Defendant's Rule 59(e) Motion to Reconsider Order of August 6, 2008 [Doc. No. 572]. Defendant seeks reconsideration of the Order denying relief from his sentence under 28 U.S.C. § 2255 on the ground that the Court "overlooked and misapprehended a material point of fact" and failed to make necessary findings of fact and conclusions of law. *See* Def.'s Motion [Doc. 572] at 3. Defendant also argues that his Motion is timely filed under Fed. R. Civ. P. 59(e) because the Court failed to enter a separate judgment.

Defendant's first argument that the Court misunderstood his claim is misguided. The claim allegedly overlooked by the Court is an allegation of error that was argued and decided on direct appeal of his second sentence; Defendant cannot relitigate that issue. The sole claim presented in his § 2255 motion was ineffective assistance of counsel in the resentencing proceedings. *See* Def.'s Motion Under 28 U.S.C. § 2255 [Doc. No. 536] at 5; Def.'s Memorandum [Doc. No. 537] at 2-3. Similarly, Defendant's argument that the Court made no findings and conclusions with respect to the omitted issue presents no basis for amendment of the Order of August 6, 2008. Defendant is correct, however, that unpublished decisions of the Tenth Circuit suggest that a separate judgment

should have been entered.  *See*, *e.g.*, *United States v. Larsen*, 175 F. App'x 236, 238 n.1 (10th Cir. 2006).  Therefore, the Court will correct the omission of a separate judgment.

    IT IS THEREFORE ORDERED that Defendant's Rule 59(e) Motion to Reconsider Order of August 6, 2008 [Doc. No. 572] is DENIED.  Judgment will be entered accordingly.

    IT IS SO ORDERED this 3rd day of October, 2008.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE